UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LEONARD JENKINS AND OTIS CARTER | CIVIL ACTION NO. 04-404 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DUKE ENERGY FIELD SERVICES, L.L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

This matter is before the Court on defendant Duke Energy Field Services, L.L.C.'s ("Duke Energy") Motion for Summary Judgment (Doc. No. 20). Plaintiffs Leonard Jenkins and Otis Carter failed to oppose the motion within fifteen days as required by Local Rule 7.5W. Therefore, the Court must assume that the plaintiffs have no opposition to this motion.

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. See, Liquid Air Corp., 37 F.3d at 1075. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See, Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See, Liquid Air Corp., 37 F.3d at 1075.

If the movant does, however, meet this burden, the burden shifts and the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. See, Celotex, 477 U.S. at 325. To that end, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. See, Ameristar Jet Charter v. Signal Composites, 271 F.3d 624, 626 (5th Cir. 2001). However, the Court will not assume that the nonmoving party could or would prove the necessary facts. See, Liquid Air Corp., 37 F.3d at 1075. The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Id. Therefore, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir. 1993); see also, Matsushita Electric Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986).

With these principles in mind, the Court now turns to a review of the claims at issue. Jenkins and Carter both allege three separate claims: (1) a demotion claim; (2) a discriminatory discharge claim; and (3) a hostile work environment claim. These claims will be addressed seriatim.

### A. The Demotion Claims

Louisiana and federal courts apply the burden shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973) to disparate treatment claims in employment discrimination. Initially, the plaintiffs must each establish a prima facie case of discrimination by proving each of the following

four elements: (1) they belong to a protected group; (2) they were qualified for their position; (3) they were in fact demoted; and (4) other similarly situated employees outside the class were treated more favorably under nearly identical circumstances. Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999); LaBove v. Raftery, 802 So.2d 566 (La. 2001) (applying Title VII standards to interpret Louisiana discrimination law); Lege v. N.F. McCall Crews, Inc., 625 So.2d 185, 187 (3rd Cir. 1993).

Under the "modified McDonnell Douglas approach," if the plaintiffs make a prima facie case of discrimination, the defendant, Duke Energy, must then articulate a legitimate, nondiscriminatory reason for its decision. Once done, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative)." Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

In this case, both Jenkins and Carter fail to present sufficient evidence to establish a prima facie case of discrimination regarding the demotion claims. Specifically, the plaintiffs do not establish that they were in fact demoted. See, Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995) (stating that a lateral transfer where the employee lost no seniority or pay does not constitute a demotion). Nor do they present sufficient evidence to show that other similarly situated employees outside the class were treated more favorably under nearly identical circumstances. Therefore, summary judgment as to the plaintiffs' demotion claims is appropriate as a matter of fact and law.

## B. The Discriminatory Discharge Claims

The Fifth Circuit has modified the McDonnell Douglas test in the context of termination cases that involve a general reduction in the employer's workforce. See, Ambugey v. Corhart Refractories Corp., Inc., 936 F.2d 805, 812 (5th Cir. 1991); Williams v. General Motors Corp., 656 F.2d 120, 127-28 (5th Cir. 1981), cert. denied, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982). In order to establish a prima facie case of discrimination in a reduction-in-force case, Jenkins and Carter must show that: (1) they were a member of a protected class; (2) they were adversely affected by the employer's decision; (3) they were qualified to assume another position; and (4) others who were not members of the protected class remained in similar positions or, alternatively, there is evidence to reasonably conclude that Duke Energy intended to discriminate in reaching the decision at issue. See Palasota v. Haggar Clothing Co., 342 F.3d 569, 576 (5th Cir. 2003); Woodhouse v. Magnolia Hosp., 92 F.3d 248, 252 (5th Cir. 1996); Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996).

In this case, neither Jenkins nor Carter present sufficient evidence to support a finding of discriminatory discharge. Specifically, the plaintiffs' proof with regard to the fourth element is lacking. Jenkins and Carter do not provide sufficient evidence to reasonably conclude that other employees of Duke Energy who were not members of the protected class remained in similar positions. In the alternative, the plaintiffs do not provide sufficient evidence to reasonably conclude that Duke Energy intended to discriminate in reaching the decision to terminate their employment. Duke Energy is therefore entitled to summary judgment as to the plaintiffs' discriminatory discharge claims.

### C. The Hostile Work Environment Claims

In order to establish a claim of co-employee hostile work environment based on racial harassment, Jenkins and Carter must show that: (1) they belong to a protected class; (2) they were subject to unwelcome racial harassment; (3) the alleged harassment was based on race; (4) the alleged harassment affected a term and condition of their employment; and (5) Duke Energy knew or should have known of the harassment and failed to take prompt remedial action. Welton v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996).

In this case, both Jenkins and Carter fail to present sufficient evidence to establish a hostile work environment claim. Specifically, the plaintiffs do not establish that the alleged harassment affected a term and condition of their employment. See, Shepherd v. Comptroller of Public Accounts of the State of Texas, 168 F.3d 871, 874 (5th Cir. 1999) (stating that Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected class member's opportunity to succeed in the workplace). Nor do the plaintiffs establish that Duke Energy knew or should have known of the harassment and failed to take prompt remedial action. See, Skidmore v. Precision Printing & Packaging, Inc., 188 F.3d 606, 615 (5th Cir. 1999) (defining prompt remedial action as action that is "reasonably calculated" to end harassment). Summary judgment as to the plaintiffs' hostile work environment claims is therefore appropriate as a matter of fact and law.

## CONCLUSION

After consideration of the law and evidence submitted by the defendant, the Court finds that there are no genuine issues of material fact in dispute and that the defendant, Duke Energy, is entitled to summary judgment as a matter of fact and law.

Therefore:

IT IS ORDERED that defendant, Duke Energy Field Services, L.L.C.'s Motion for Summary Judgment (Doc. No. 20) shall be **GRANTED**.

IT IS FURTHER ORDERED that plaintiffs' claims shall be **DISMISSED** with prejudice. Shreveport, Louisiana, this 30th day of August, 2005

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE